UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Core and Main LP,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Ron McCabe and Dakota Supply Group, Inc.<br><br>　　　　Defendants. | Case No. 21-1512<br><br>**NOTICE OF REMOVAL<br>OF CIVIL ACTION** |

## NOTICE OF REMOVAL

Defendants Ron McCabe ("McCabe") and Dakota Supply Group, Inc. ("DSG", and together with Ron McCabe, "Defendants"), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1441(a) and 1446, hereby removes this action from the District Court for the First Judicial District, County of Dakota, State of Minnesota, to the United States District Court for the District of Minnesota. This action may be removed because this Court has original jurisdiction under 28 U.S.C. § 1332 based on the complete diversity of the parties and an amount in controversy in excess of $75,000.

In support of removal, Defendants states as follows:

### THE PLEADINGS AND SERVICE

1.　On or about June 25, 26, and 28, 2021, Plaintiff Core and Main LP ("Plaintiff") served Defendants with a Summons and Complaint and other documents, true and correct copies of which are attached hereto as Exhibit A (Summons and

Complaint) and Exhibit B (other filings served). The Complaint was filed in the District Court for the First Judicial District, County of Dakota, State of Minnesota.

2. The Complaint asserts claims for: (i) breach of duty of loyalty; (ii) breach of contract; and (iii) tortious interference with contract; and (v) tortious interference with prospective contractual relations. (Ex. A, Complaint.)

3. The Complaint was filed in the Dakota County Court by Plaintiff on July 25, 2021. The Summons and Complaint and other filings in the case are attached as Exhibit A, no other pleadings have been filed in this case. 28 U.S.C. § 1446(a).

4. Defendants will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the First Judicial District, County of Dakota, State of Minnesota.

5. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446, because it is filed within 30 days of the date on which Defendant was served with the Complaint, which was June 25 and 26, 2021.

6. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

7. This action is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and this matter may be removed to this Court under the provisions of 28 U.S.C. § 1441(a) in that the action involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY JURISDICTION

8. Complete diversity exists under 28 U.S.C. § 1332 between Plaintiff and Defendant because Plaintiff is not a citizen of any state where either defendant is a citizen.

9. A corporation is a citizen of (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. §1332(c)(1).

10. DSG is a North Dakota corporation with its principal place of business in Fargo, North Dakota.

11. McCabe is resident of Madison Lake, Minnesota.

12. Plaintiff is a Florida limited partnership with its principal places of business in St. Louis, Missouri. (Ex. A., Complaint ¶1.) Upon information and belief, none of Plaintiffs' limited partners is a citizen of Minnesota or of North Dakota.

## AMOUNT IN CONTROVERSY, ORIGINAL JURISDICTION, AND VENUE

13. This action may be removed because this Court has original jurisdiction under 28 U.S.C. § 1332, based on the complete diversity of the parties and because the amount in controversy is in excess of $75,000.

14. Plaintiff's Complaint complies with Minn. R. Civ. P. 8 and Minn. Stat. § 544.36, specifying damages which (i) with respect to McCabe's alleged breach of the Agreement, "are in excess of $50,000"; (ii) with respect to Dakota Supply Group's alleged tortious interference with contract, are "in an amount in excess of $50,000, with the amount to be determined at trial"; and (iii) along with "an amount of compensatory, special, and consequential damages to be determined at trial", "reasonable attorney's

3

fees", "costs and disbursements. (Ex. A, Complaint ¶¶ 3-6, 32, 37, Prayer for Relief.) When a complaint does not allege a specific amount of relief sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional amount. *Dyrda v. Wal-Mart Stores, Inc.*, 41 F. Supp. 2d 943, 948 (D. Minn. 1999). A defendant can sufficiently meet that burden by demonstrating that a plaintiff's verdict may exceed that amount, or if, on the face of the complaint, it is apparent that the claims are likely above that amount. *See, e.g.*, *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1007 (W.D. Ark. 1996). A request for attorneys' fees should be included in the Court's calculation of the amount in controversy. *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

15. A reasonable reading of the Complaint confirms that Plaintiff places in controversy more than a total of $75,000 in this action. Accordingly, this Court may properly exercise jurisdiction over this case.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this district embraces the county in which the removed action was filed.

WHEREFORE, Defendant respectfully requests that the above action now pending in the District Court for the First Judicial Circuit, County of Dakota, State of Minnesota, be removed to the United States District Court for the District of Minnesota.

Dated: June 29, 2021                      **CROSSCASTLE PLLC**

                                               */s/Samuel W. Diehl*
                                               Samuel W. Diehl (#0388371)
                                               333 Washington Avenue North
                                               Suite 300-9078
                                               Minneapolis, MN 55401
                                               p. 612.412.4175
                                               f. 612.234.4766
                                               sam.diehl@crosscastle.com

                                               ***Counsel for Defendants Ron McCabe and Dakota Supply Group, Inc.***

**CERTIFICATE OF SERVICE**

5

I hereby certify that on June 29, 2021, a true and correct copy of the foregoing was electronically filed using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Samuel W. Diehl
Samuel W. Diehl

**Counsel for Defendants Ron McCabe and Dakota Supply Group, Inc.**

4835-2929-2528, v. 2