**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Core and Main, LP, <br><br> Plaintiff, <br><br> vs. <br><br> Ron McCabe and Dakota Supply Group, Inc., <br><br> Defendants. | Court File No. 21-cv-1512 (WMW/DTS) <br><br> **STIPULATION FOR** <br> **PROTECTIVE ORDER** |

The parties, by their respective counsel, hereby stipulate to the entry of the following Protective Order pursuant to Federal Rules of Civil Procedure. The parties agree that the exchange of sensitive information between the parties and/or third parties other than in accordance with this Protective Order may cause unnecessary damage and injury to the parties and to others, and therefore good cause exists to limit disclosure of this information.

That the terms and conditions set forth in the Agreement are entered herewith, as follows:

**1.     Definitions**. As used in this protective order:

(a)     "attorney" means an attorney who has appeared in this action;

(b)     "confidential document" means a document designated as confidential under this protective order;

(c)     "confidential information" means (i) trade secrets or other confidential research, development, financial, proprietary, or commercial information; (ii) confidential, non-public personal information that is protected from disclosure by statute, regulation, or otherwise; (iii) confidential, non-public personal information regarding a person who is not a party to this action; (iv) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms, or other financial information, (g) any and all documents, testimony, information, or material referring or related to

confidential personnel, loss prevention, or non-public, proprietary, or confidential business information.

(d) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(e) "document" means all items described in Minn. R. Civ. P. 34.01 disclosed or produced in discovery, including at a deposition;

(f) "notice" or "notify" means written notice;

(g) "party" means a party to this action; and

(h) "protected document" means a document protected by a privilege or the work-product doctrine.

**2. Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

(1) on the record at the deposition; or

(2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3.  Who May Receive a Confidential Document.**

(a) A confidential document may be used only in this action.

(b) No person receiving a confidential document may reveal it, except to:

(1) the court and its staff;

(2) an attorney or an attorney's partner, associate, or staff;

(3) a person shown on the face of the confidential document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) a party (subject to paragraph 3(c)); and

(6) any person who:

(A) is retained to assist a party or attorney with this action; and

(B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially the form of Exhibit A.

(c) A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.

(d) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4.     Serving This Protective Order on a Non-Party**.  A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

**5.     Correcting an Error in Designation**. A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

**6.     Use of a Confidential Document in Court.**

(a)     Filing.  This Order does authorize the filing of documents confidentially with the Court.

(b)     Presentation at a hearing or trial.  A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

**7.     Changing a Confidential Document's Designation.**

(a)     Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b)     Document produced by a non-party.  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c)     Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who

designated a document as confidential must show that the designation satisfies Minn. R. Civ. P. 26.03.

8. **Challenges by a Party to Designation of Confidential Documents.** A Party's designation of a Confidential Document is subject to challenge by the other Party. The following procedure shall apply to any such challenge:

(a) Meet and Confer. A Party challenging the designation of a Confidential Document must do so in good faith and must begin the process by conferring directly with counsel for the designating Party. In conferring, the challenging Party must explain the basis of his or its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be filed in accordance with Minn. Gen. R. Prac. 115.04 and accompanied by a competent declaration that affirms that the movant complied with the meet and confer requirement of this Protective Order. The burden of persuasion in any such challenge proceeding shall be on the moving Party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as initially designated.

9. **Handling a Confidential Document after Termination of Litigation.**

(a) Within 60 days after the termination of this action (including any appeals), each party must:

(1) return or destroy all confidential documents; and

(2) notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

(b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court or exchanged in discovery, and all correspondence generated in connection with the action. However, the parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any "Confidential Information" to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert. Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action. To the extent any "Confidential Information" is not returned or destroyed due to the foregoing reasons, such "Confidential Information" shall remain subject to the confidentiality obligations of this Protective Order.

10. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a) Notice.

(1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with this Order.

11. **Clawback**. All parties are specifically afforded the protections of Federal Rules of Evidence for any produced document that is or may reasonably be subject to a legally recognizable privilege ("Protected Document"). The disclosure or production, whether inadvertent or otherwise, of Protected Document(s) by a producing party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a receiving party, shall in no way constitute the voluntary disclosure of such Protected Document(s), and the disclosure or production of any Protected Document(s) in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Protected Document(s) as to the receiving party or any third parties.

If the producing party determines it has produced Protected Document(s), the producing party shall notify the receiving party of such inadvertent production in writing, identifying the basis for the privilege or protection, and demand the return of such documents. The receiving party shall respond until the issue is resolved by: (i) refraining from reading the Protected Document(s); (ii) returning, sequestering, or destroying all copies and derivative material of such Protected Document(s) (including extracting the Protected Document(s) from databases where possible); and (iii) taking reasonable steps to retrieve the information if disclosed to any third part(ies).

If a receiving party determines that any Protected Document has been disclosed, the receiving party shall immediately notify the producing party in writing and take the steps set forth in subsections (i) to (iii) in the preceding sentence until the issue is resolved. Within ten (10) days of receiving such notice, the producing party shall inform the receiving party in writing of an intent

to claim privilege and provide a log for such Protected Document(s). The receiving party may thereafter seek reproduction of any such documents pursuant to applicable law.

If the claim of privilege or work-product protection is disputed, the receiving party agrees to refrain from further examination or use of the potentially privileged or work-product protected information until the dispute is resolved.  The parties shall use reasonable efforts to resolve the dispute in good faith without judicial intervention.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or ESI (including metadata) for relevance, responsiveness and/or segregation of privileged and/or otherwise protected information before production.  The provisions of this section constitute an order pursuant to the Federal Rules of Evidence.

**12.**   **Security Precautions and Data Breaches.**

(a)   Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b)   A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**13.**   **Survival of Obligations**.  The obligations imposed by this protective order survive the termination of this action.

Date: July 16, 2021

                                            */s/ Kurt J. Erickson*
Kurt J. Erickson (#158380)
Grant D. Goerke (#0395226)
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone: 612.630.1000
kerickson@littler.com
ggoerke@littler.com

**ATTORNEYS FOR PLAINTIFF CORE AND MAIN, LP**

Date: July 16, 2021

*/s/ Samuel W. Diehl*
Samuel W. Diehl (#0388371)
**CROSSCASTLE, P.A.**
333 Washington Avenue North
Suite 300-9078
Minneapolis, MN 55402
Telephone: 612.429.8100
sam.diehl@crosscastle.com

**ATTORNEYS FOR DEFENDANTS RON MCCABE AND DAKOTA SUPPLY GROUP, INC.**

**EXHIBIT A**
**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. _____, pending in the Dakota County District Court, First Judicial District, for the State of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the Dakota County District Court, First Judicial District, for the State Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____  _____
                  Date                      Signature

4827-6244-0945.1 / 102905-1028