# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Core and Main, LP,     No. 21-cv-1512 (WMW/KMM)

    Plaintiff,

v.     **ORDER**

Ron McCabe, Dakota Supply Group, Inc.,

    Defendants.

    This matter is before the Court on the Plaintiff's Motion for Expedited Discovery and an Early Trial Date (ECF 46), and the Plaintiff's letter requesting permission to file a reply in support of that motion (ECF 57).[1] A hearing on the motion for expedited discovery and an early trial date will be held on Monday, September 13, 2021, at 3:30 p.m., before Magistrate Judge Katherine Menendez. The Court will conduct the hearing by videoconference, and the link for joining the hearing will be sent separately to counsel.

    The Federal Rules of Civil Procedure provide that "[a] party may not seek discovery from any source before the parties have met and conferred as required by Rule 26(f)…." Fed. R. Civ. P. 26(d)(1). The parties have not yet had a Rule 26(f) meeting in this case, and this Court has not yet set a Rule 16 scheduling conference. Because there is a pending motion for a temporary restraining order and preliminary injunction (ECF 5), and a motion to dismiss (ECF 24), at this time, the undersigned has determined that there is good cause to delay setting a pretrial conference and issuing a scheduling order. *See* Fed. R. Civ. P. 16(b)(2) (providing that a scheduling order must be issued "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after

---

[1] Although the letter requesting a reply brief is addressed to United States District Judge Wilhelmina Wright, the relief requested in the motion to expedite discovery is nondispositive and this Court has confirmed with Judge Wright that the request should be addressed by the undersigned.

any defendant has appeared" except where "the judge finds good cause for delay"). The timing for a scheduling conference and the parties' Rule 26(f) meeting will be discussed at the September 13th hearing on the motion to expedite. Between the date of this Order and the September 13th hearing, the parties shall not engage in any discovery. However, if the District Court issues a ruling on the Plaintiff's motion seeking preliminary injunctive relief before the September 13th hearing and that ruling supports allowing discovery to go forward without delay, the prohibition on discovery prior to September 13th in this Order shall be vacated.

In their letter requesting permission to file a reply brief, counsel for Plaintiff asserts that "Defendants have made factual assertions that are incorrect, and must be answered." (ECF 57.) To the extent that Plaintiff's counsel believes there are incorrect factual assertions in the Defendants' response to the motion to expedite discovery, those concerns can be addressed at the September 13th hearing. Therefore, the Court finds that a reply memorandum is unnecessary, and Plaintiff's request is denied.

**IT IS SO ORDERED.**

Date: August 16, 2021

       *s/Katherine Menendez*
       Katherine Menendez
       United States Magistrate Judge