UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Core and Main, LP,                                      Case No. 21-cv-1512 (WMW/LIB)

                          Plaintiff,

                                                        **ORDER**

        v.

Ron McCabe and Dakota Supply Group,
Inc.,

                          Defendants.

---

This matter is before the Court on Defendants Ron McCabe and Dakota Supply Group, Inc.'s motion to alter, amend or correct the judgment in this case. (Dkt. 95.) In the alternative, Defendants seek an extension of time to file a motion for attorneys' fees and costs. Plaintiff Core and Main, LP, opposes Defendants' motion. For the reasons addressed below, Defendants' motion is denied.

## BACKGROUND

In a December 29, 2021 Order, this Court granted Defendants' motion to dismiss Counts II through V of Plaintiff's complaint but denied Defendants' motion to dismiss Count I of the complaint. Five days later, Plaintiff filed a notice of voluntary dismissal of Count I of its complaint pursuant to Rule 41(a)(1)(A)(i), Fed. R. Civ. P., and the Court ordered dismissal of Count I without prejudice in a January 4, 2022 Order. The Clerk of Court entered judgment that same day, reflecting the dismissal of Count I without

prejudice.  On January 20, 2022, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit.

On January 26, 2022, Defendants filed the pending motion to amend the January 4, 2022 judgment in this case.  Specifically, Defendants seek an amended judgment that expressly incorporates the prior dismissal of Counts II through V.  In the alternative, Defendants request an extension of time to file a motion for attorneys' fees and costs. Plaintiff opposes Defendants' motion.

## ANALYSIS

### I.      Motion to Amend Judgment

Defendants move to amend the January 4, 2022 judgment to correct a purported mistake or omission therein.

As an initial matter, Plaintiff argues that its filing of a notice of appeal has divested this Court of jurisdiction over Defendants' motion to amend the judgment.  A district court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  "[A]fter an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."  *Id.* However, "no leave is necessary if the Rule 60(a) motion is filed within twenty-eight days of entry of judgment."  *BancorpSouth Bank v. Hazelwood Logistics Ctr., LLC*, 706 F.3d 888, 897 (8th Cir. 2013) (citing Fed. R. App. P. 4(a)(4)(A)(vi), (B)(i)).  Here, on January 20, 2022, Plaintiff filed a notice of appeal as to the January 4, 2022 judgment.

But Defendants filed the pending motion to amend the judgment within twenty-eight days after the entry of judgment. As such, Rule 60(a) permits this Court to amend the judgment to correct any clerical error, mistake or omission notwithstanding the pending appeal to the Eighth Circuit. *See id.* Therefore, Plaintiff's contention that this Court lacks jurisdiction to correct the judgment is erroneous.

The parties also dispute whether amending the judgment is warranted. Here, the Court did not dismiss all of Plaintiff's claims in a single order, and the Court did not issue a judgment until all of Plaintiff's claims had been dismissed. A district court may direct entry of a final judgment as to fewer than all of the asserted claims for relief only if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b); *accord Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008) (observing that an order dismissing some of the plaintiff's claims "was not a final judgment because it dismissed fewer than all of the claims asserted in [the plaintiff's] lawsuit"). Here, when the Court dismissed Counts II through V of Plaintiff's complaint on December 29, 2021, entry of judgment would have been premature because Count I remained unresolved. Entry of judgment became warranted only after Plaintiff voluntarily dismissed Count I approximately one week later, thereby resolving the remaining claim in this matter.[1]

---

[1]    A plaintiff may voluntarily dismiss an action without leave of court by filing a notice of dismissal before the opposing party has served either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). And "unless formally converted into a summary judgment motion under Federal Rule of Civil Procedure 56, a significant number of decisions make it clear that a Rule 12(b)(6) motion does not terminate the right to [voluntarily] dismiss by notice." *See, e.g.*, 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2363 (4th ed. 2022) (collecting cases); *accord*

According to Defendants, because the January 4, 2022 judgment expressly references only Count I of Plaintiff's complaint, "the Court has not issued a final judgment that encompasses" the prior dismissal of Counts II through V of Plaintiff's complaint. Consequently, Defendants argue, Plaintiff's pending appeal is premature. Defendants are mistaken. When a district court grants a dispositive motion that does not resolve all remaining claims and the remaining claims are subsequently dismissed without prejudice pursuant to Rule 41, Fed. R. Civ. P., the effect of the resulting dismissal is to make the earlier partial decision "a final judgment for purposes of appeal." *Hope v. Klabal*, 457 F.3d 784, 789 (8th Cir. 2006) (quoting *Chrysler Motors Corp. v. Thomas Auto Co.*, 939 F.2d 538, 540 (8th Cir. 1991)); *accord Auto Servs. Co.*, 537 F.3d at 856 (observing that earlier interlocutory orders dismissing fewer than all claims merge with the judgment dismissing the remaining claims). "Ordinarily, a notice of appeal that specifies the final judgment in a case should be understood to bring up for review all of the previous rulings and orders that led up to and served as a predicate for that final judgment." *Greer v. St. Louis Reg'l Med. Ctr.*, 258 F.3d 843, 846 (8th Cir. 2001); *accord State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999) (concluding that "a Rule 41(a)(1)(i) dismissal normally makes a prior interlocutory

---

*State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) ("In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion."). Here, Defendants' motion to dismiss sought summary judgment in the alternative. However, because the Court expressly declined to construe Defendants' motion to dismiss as a motion for summary judgment, Plaintiff remained free to voluntarily dismiss what remained of this action under Rule 41(a)(1)(i), Fed. R. Civ. P.

dismissal order final and appealable"). When this Court dismissed Count I pursuant to Plaintiff's notice of voluntary dismissal, the prior dismissal of Counts II through V merged with the judgment and became final for purposes of appeal.[2] An amended judgment reflecting this finality is, therefore, unnecessary. As such, Defendants have not identified an error in the January 4, 2022 judgment that warrants correction under Federal Rule of Civil Procedure Rule 60(a).

Accordingly, Defendants' motion to amend the January 4, 2022 judgment is denied.

## II.      Attorneys' Fees and Costs

Defendants seek, in the alternative, an extension of time to move for attorneys' fees and costs. Unless a statute or court order provides otherwise, a motion for attorneys' fees must be filed no later than fourteen days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Accordingly, Defendants were required to file a motion for attorneys' fees on or before January 18, 2022. Defendants did not do so, nor did Defendants seek an extension of that deadline until *after* the deadline expired.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired *if the party failed to act because of excusable neglect*." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). A court "must consider all relevant circumstances" when evaluating whether a party

---

[2]      Indeed, when entering the January 4, 2022 judgment, the Clerk of Court closed this case and provided the parties a civil notice that summarizes the time limits for filing an appeal.

seeking an extension has demonstrated excusable neglect. *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999) (internal quotation marks omitted). However, the Eighth Circuit has identified four "particularly important" factors: (1) the possibility of prejudice to the opposing party; (2) the length of the delay and the possible impact of the delay on judicial proceedings; (3) the reasons for the delay, including whether the delay was within the moving party's reasonable control; and (4) whether the moving party acted in good faith. *Id.*

Significantly, a party's "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th Cir. 2000) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). Similarly, "the traditional rule [is] that mistakes of law do not constitute excusable neglect." *Id.* at 404. The reason for Defendants' delay in filing a motion for attorneys' fees was a mistake of law as to the scope and finality of the January 4, 2022 judgment. Such mistake or misconstruction of the law typically cannot establish excusable neglect. *Id.* In addition, Plaintiff has sought appellate review of time-sensitive issues pertaining to the applicability and legal effect of a limited-time noncompete provision. Granting Defendants' untimely request for an extension of time to seek attorneys' fees would unduly delay the judicial proceedings in this case and unfairly prejudice Plaintiff. Moreover, as Plaintiff correctly observes, this is not the first deadline or procedural rule that Defendants have failed to adhere to in this

case.  For all of these reasons, Defendants have not demonstrated the requisite excusable neglect to warrant the extension they seek.

Accordingly, Defendants' request for an extension of time to file a motion for attorneys' fees and costs is denied.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motion to alter, amend or correct the judgment in this case or, in the alternative, for an extension of time to file a motion for attorneys' fees and costs, (Dkt. 95), is **DENIED**.

Dated:  May 20, 2022                                    s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge