# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Core and Main, LP, <br><br> Plaintiff, <br><br> v. <br><br> Ron McCabe and <br> Dakota Supply Group, Inc., <br><br> Defendants. | Case No. 21-cv-1512 (WMW/DLM) <br><br> **ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |

This matter came before the undersigned for a motion hearing on August 7, 2023, (Doc. 178), pursuant to Plaintiff's Motion to Compel Discovery, (Doc. 160). Kurt Erickson presented oral argument on behalf of Plaintiff, and Christopher Ruska presented oral argument on behalf of Defendants. The Court, having considered the arguments of the parties, **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for the reasons that follow.

## BACKGROUND

In June of 2021, Defendant Ron McCabe left his sales job with Plaintiff Core and Main, LP ("Core & Main") to work for a competitor, Defendant Dakota Supply Group, Inc. ("DSG"). (Doc. 26 ¶ 2; Doc. 26-2.) Within a few weeks, Core & Main sued both Mr. McCabe and DSG, asserting that: Mr. McCabe breached his duty of loyalty (Count I); Mr. McCabe breached his duty of confidentiality (Count II); Mr. McCabe breached his contract (more specifically, the restrictive covenants in his employment agreement) (Count III); DSG tortiously interfered with Core & Main's contractual relations with Mr. McCabe

(Count IV); and DSG tortiously interfered with Core & Main's prospective contractual relations with would-be customers (Count V). (*See generally* Doc. 1-1.) The District Court granted Defendants' motion to dismiss Core & Main's complaint with respect to Counts II–V, (Doc. 80), and Core & Main subsequently voluntarily dismissed Count I of the complaint to perfect its appeal, (Doc. 81).

On appeal, the Eighth Circuit affirmed in part and reversed in part, remanding for further proceedings. (Doc. 112.) Specifically, the Court found that fact issues precluded summary judgment on Core & Main's breach of contract claim against Mr. McCabe (Count III), as well as Core & Main's tortious interference claims against DSG (Counts IV–V). (*See generally* Doc. 110.)

On remand, Defendants again moved to dismiss the now-revived counts of Plaintiff's complaint, this time asserting alternative theories than the one which the District Court adopted in its earlier dismissal. (Docs. 123 (Motion to Dismiss), 126 (Memorandum in Support).) Plaintiff has opposed Defendants' motion on several grounds. (Doc. 137.) The District Court heard oral argument on Defendants' motion to dismiss on July 25, 2023, and the matter remains under advisement. (Doc. 175.)

In the meantime, Core & Main moves to compel responses to several of its discovery requests to Mr. McCabe and DSG.[1] (Doc. 160.) First, Core & Main asks the Court to order responses to its Requests for Production of all documents between Mr. McCabe and DSG,

---

[1] At the hearing on Plaintiff's motion to compel, the parties confirmed they had resolved a number of the discovery disputes that were the subject of Plaintiff's motion. Accordingly, the Court limits this Order solely to those matters that were left unresolved.

as well as all documents in Mr. McCabe's possession, that involve "prospective customers" of Core & Main.[2] Mr. McCabe and DSG do not object to these requests in theory, but challenge how to define a "prospective customer": Core & Main asserts that this phrase should refer to DSG's prospective customers, so long as they are within the geographical limitations of Mr. McCabe's noncompetition clause (that is, anyone within 150 miles from any Core & Main office), while Defendants assert the request should be limited to *Plaintiff's* prospective customers, which it could only know if Core & Main produces a prospect list. (Docs. 163 at 9; 176 at 3.)

Next, Core & Main seeks all correspondence from both Mr. McCabe and DSG "which in any way pertains to the subject matter of this civil action." (Doc. 163 at 12, 17.) Core & Main agreed to limit the request to those individuals listed in Defendants' initial disclosures. (*Id.* at 12, 18.) Defendants have agreed to produce all such documents "where the litigation itself is the subject-matter of the correspondence." (Doc. 176 at 8.) But to the extent that Core & Main seeks documents which pertain in any way to the subject matter of this case, Defendants assert such requests are overbroad "catchall" provisions, and are likely duplicative of Core & Main's many other discovery requests as well.

## ANALYSIS

Federal Rule of Civil Procedure 26 entitles parties to liberal discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Courts construe the scope of Rule 26(b)(1)

---

[2] This request represents Core & Main's compromise position based on the parties' meet and confer process, which succeeded in narrowing the dispute.

broadly, *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)), but the scope of discovery includes only what is relevant to the actual claims or defenses that are at issue, *see Sherman v. Sheffield Fin., LLC*, 338 F.R.D. 247, 252 (D. Minn. 2021). And it is the party that seeks discovery who must make a threshold showing that the information sought is relevant to the claims or defenses in the case. *Id.* (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). If that occurs, then "the party resisting production bears the burden of establishing lack of relevancy or undue burden." *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-cv-3183 (ADM/LIB), 2016 WL 6997113, at *7 (D. Minn. Sept. 6, 2016) (quoting *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000)).

Beyond being relevant, Rule 26 requires that information sought in discovery also be "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors important to a court's proportionality analysis include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. A court may "find that a request on its face is not proportional to the needs of the case, given the relevance of the requested discovery." *Stan Koch & Sons Trucking, Inc. v. Am. Interstate Ins. Co.*, No. 18-cv-2945 (PJS/HB), 2020 WL 2111349, at *3 (D. Minn. May 4, 2020) (quoting *Klein v. Affiliated Grp., Inc.*, No. 18-cv-0949 (DWF/ECW), 2019 WL 1307884, at *7 n.9 (D. Minn. Mar. 22, 2019)).

4

A.  **McCabe Requests for Production Nos. 4, 5, 7, and DSG Requests for Production Nos. 4, 5.**

As written, these requests purport to seek each and every document between Mr. McCabe and DSG from January 1, 2021 to present, as well as essentially all of Mr. McCabe's documents in any form ("diaries, calendars, journals and notes, or any other record") for the same period, without any subject matter limitation. (Doc. 163 at 8–11, 15–17.) Such requests are clearly outside Rule 26's bounds if not narrowed, because they would permit a general rummaging through many of Mr. McCabe's effects—be they relevant to this litigation or not. But Core & Main has narrowed these requests. Now, it seeks only those documents that refer to "prospective customers"—a term whose definition is at the core of this discovery dispute.

Defendants, for their part, do not quibble with producing documents related to prospective customers, so long as Core & Main reveals who its prospective customers are.[3] Core & Main, in turn, directs Defendants to the noncompetition provision of Mr. McCabe's employment agreement, which prohibited Mr. McCabe from working in a competing business within a 150-mile radius of any Core & Main location for a 12-month period. (Doc. 1-1 at 28.) Given these restrictions, the argument goes, contact with any customer or

---

[3] One can certainly appreciate Core & Main's concerns in response about turning over a prospective customer list to Mr. McCabe, particularly given its claims that Mr. McCabe left his employment to directly compete against Plaintiff in violation of his contractual obligations.

prospect within 150 miles of Core & Main's locations during that period represented contact with a "prospective customer."[4]

Part of the problem with the parties' dispute, which became more acute at oral argument, is nomenclature. Both parties seek to adopt the term "prospective customer" as their own limitation on the discovery requests, but Core & Main really seeks any contacts Mr. McCabe had with *DSG's* prospective customers within the relevant areas, regardless of whether they were Core & Main's prospects. DSG and Mr. McCabe, in turn, seek to limit the request to only *Core & Main's* prospects within the relevant areas, not those Mr. McCabe may have cultivated for DSG but were not on Core & Main's radar.

Although Defendants speculated that granting Core & Main's requests could be unduly burdensome,[5] the heart of the issue is relevance. Defendants contend that allowing such broad discovery would run afoul of Minnesota's strict limitations on employment-based restrictive covenants, which require companies to demonstrate legitimate business interests before enforcing such contracts. *See Kallok v. Medtronic, Inc.*, 573 N.W.2d 356, 361 (Minn. 1998). Allowing broad discovery into all prospective customer contacts that Mr. McCabe had in the state within the relevant period—regardless of whether the entity he contacted was an *actual* prospective customer of Core & Main's, (i.e., if they were on Core & Main's radar)—would, according to Defendants, require production of matters far outside the scope of Core & Main's viable claims.

---

[4] At oral argument, Core & Main explained that given the geographic location of its offices, the 150-mile radius essentially encompassed the whole state of Minnesota.
[5] Defendants did not produce any evidence of the actual or estimated resource allocation involved in responding to Core & Main's narrowed requests.

The District Court may well determine that the noncompetition provisions of Mr. McCabe's employment agreement are unenforceable because they serve no legitimate business interest. The Eighth Circuit specifically declined to rule on this matter, characterizing it as "a primary issue on remand." (Doc. 110 at 11.) And, not surprisingly, Defendants devote a significant portion of their pending motion-to-dismiss argument to this theory. (Doc. 126 at 10–12.) But this Court's task in resolving discovery disputes is to determine whether the requested material is relevant to an *actual* claim in the case, not a party's view of how a narrowed claim ought to look after dispositive motion practice. *See Oppenheimer*, 437 U.S. at 351 (citing *Hickman*, 329 U.S. at 501) (footnotes omitted) (noting that while "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken," while claims or defenses remain viable, the scope of what is "relevant to the subject matter involved in the pending action" under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"). Applied here, that means that Core & Main is entitled to discovery on correspondence between Mr. McCabe and DSG regarding their prospective customers, provided those customers are within the geographic, temporal, and subject-matter limitations of the noncompetition provisions of Mr. McCabe's employment agreement.[6] Defendants are ordered to produce such documents, supplementing Requests for Production Nos. 4 and 5, within 21 days of

---

[6] To be clear, the temporal scope of the noncompetition clause of Mr. McCabe's employment agreement is a 12-month period following his separation (June 1, 2021), and the geographical limitation is "within a 150 mile radius of each office location from which [Mr. McCabe] ha[s] provided services on behalf of [Core & Main][.]" (Doc. 1-1 at 28.)

7

this Order. Likewise, Mr. McCabe is ordered to produce all documents in any form related to DSG's prospective customers, provided those customers are within the geographic, temporal, and subject-matter limitations of the noncompetition provisions of his employment agreement.

B.      **McCabe Request for Production No. 15 and DSG Request for Production No. 14.**

In each of these requests, Core & Main asks for "[a]ny and all correspondence between [either Defendant] and any other person, which in any way pertains to the subject matter of this civil action." (Doc. 163 at 12, 17.) Defendants objected, and Core & Main offered to narrow the request to correspondence between either Defendant and the individuals listed in Defendants' initial disclosures. Defendants maintain that even with this limitation, the requests are overbroad, lack particularity, and are likely redundant to more specific and targeted requests which have already been propounded. Defendants claim that requiring them to produce correspondence that not only *references* this litigation, but "which in any way pertains to the subject matter" of this litigation, is simply too broad and amorphous to guide their responses. The Court agrees.

To be sure, discovery requests that ask for anything "which in any way pertains to the subject matter" of the litigation likely seek relevant information. But relevance is not the sole touchstone when it comes to discovery. "Discovery that is unreasonably burdensome, cumulative, or outside the scope permitted by Rule 26(b)(1) should be limited by the Court." *Fairview Health Svcs. v. Quest Software, Inc.*, No. 20-cv-1326 (SRN/LIB), 2021 WL 5087564, at *5 (D. Minn. Sept. 24, 2021) (citing Fed. R. Civ. P. 26(b)(2)(C));

*see also McGinnis v. Soo Line R. Co.*, No. 12-cv-0795 (DSD/JJK), 2013 WL 1748710, at *2 (D. Minn. Apr. 23, 2013) (citing *WWP, Inc. v. Wounded Warriors Fam. Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011)) ("Even if a request for production seeks relevant information [], it may nonetheless be denied if it is overbroad."). Not surprisingly, there is often a connection between an overbroad discovery request and the burden placed upon the responding party. *See Fairview Health*, 2021 WL 5087564, at *5.

Here, Plaintiff's requests as written are both cumulative of other discovery requests and overly broad due to their ambiguity. As to cumulativeness, the requests that are part of Plaintiff's motion establish that Core & Main has sought (and now will receive) all correspondence or documents related to prospective customers of Mr. McCabe and Core & Main. Such discovery is both relevant and proportional by virtue of the Eighth Circuit's remand making this a breach of contract case involving a noncompete, with tortious interference claims related to that same contractual provision. Granting Plaintiff's discovery requests related to Mr. McCabe's and DSG's prospective customer contacts renders Plaintiff's requests for *more* information that in any way relates to this lawsuit cumulative and superfluous.

As to overbreadth, at oral argument, Plaintiff's counsel suggested that answering these requests might yield information that otherwise would not be obtained, such as Mr. McCabe's (hypothetical) statements that he knew he was subject to a noncompete. Conjecture cannot carry the day. Forcing Defendants to respond to such unbridled, catchall discovery requests would put them in the position of trying to intuit what Plaintiff believes

9

"pertains" to the subject matter of this lawsuit, scouring all sources for such information.[7] As written, the request is overbroad, and the Court thus narrows the requests to be proportional to the needs of the case as follows: Defendants' response shall be limited to nonprivileged correspondence which references this litigation,[8] nothing further. Defendants are ordered to produce such documents, supplementing Requests for Production Nos. 14 and 15, within 21 days of this Order.

## CONCLUSION

Accordingly, based on the above and on all the files, records, and proceedings in this action, **IT IS ORDERED** that:

1. Plaintiff's Motion to Compel Discovery, (Doc. 160), is **GRANTED IN PART**, consistent with the above, to the extent it seeks to compel production of correspondence between DSG and Mr. McCabe regarding Core & Main's prospective customers, provided those communications were within the temporal, geographic, and subject-matter limitations set forth in the noncompetition provision of Mr. McCabe's employment agreement;

2. Plaintiff's Motion is also **GRANTED IN PART**, consistent with the above, to the extent it seeks to compel production of documents in Mr. McCabe's possession or control related to DSG's prospective customers, provided those prospective customers fall within the temporal, geographic, and subject-matter limitations set forth in the noncompetition provision of Mr. McCabe's employment agreement;

---

[7] Although Plaintiff offered to limit this request to correspondence with only those individuals listed in Defendants' initial disclosures, this does not truly narrow the scope of the request. After all, initial disclosures are intended to broadly include all individuals "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). One would not expect Mr. McCabe or DSG to be corresponding with individuals about the subject matter of this lawsuit beyond the group listed in their initial disclosures.

[8] On this front, the Court is adopting Defendants' proposed compromise position. (*See* Doc. 163 at 18; Doc 178 at 8.)

10

3. Plaintiff's Motion is **DENIED IN PART**, consistent with the above, to the extent it seeks all correspondence between either Defendant and any other person which pertains in any way to the subject matter of this litigation. The Court modifies these requests and orders production instead of any and all correspondence between either Defendant and any other person, which *references* this civil action, because this is both relevant and proportional to the needs of the case;

4. To the extent that additional production of discovery is ordered above, the parties must produce it within 21 days of this Order; and

5. Each party will bear their own costs and fees.

Dated: September 8, 2023         _s/Douglas L. Micko_____
                                  DOUGLAS L. MICKO
                                  United States Magistrate Judge